UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DERRICK SOLOMON PRUITT                                                                    PLAINTIFF

VS.                                                         CIVIL ACTION NO.4:03CV442-WAP-JAD

JANICE BROWN, ET AL                                                                     DEFENDANTS

## REPORT & RECOMMENDATION

A review of this case shows that it has been dismissed as to all defendants except Leola Jordan. The complaint was filed on December 8, 2003. An amended complaint, adding Leola Jordan was filed on February 17, 2004. While the docket shows that the summons on Ms. Jordan was returned executed(Doc. 19) examination of the return indicates not service on the defendant, but that the summons was forwarded to the Inmate Legal Assistance Program. The plaintiff's letter of May 3, 2004 in the letter provides further information about the purported service. The plaintiff claims to have served the defendant by mailing the summons to the law offices of Bailey & Griffin, P.A. There is no showing that these lawyers had any authority to accept process for Ms. Jordan, nor that she has any knowledge of these proceedings. By motion of June 28, 2004, plaintiff admitted that Jordan was not properly served. There has been no waiver of process pursuant to the federal rules, no personal service, no service by certified mail, nor process effective under the laws of the State of Mississippi. There has not been any further attempt to serve the defendant. The period of time for service of process has long since expired. It is therefore recommended that the court on its own motion dismiss the complaint for failure to have process served.

Additionally the court has reviewed the complaint filed against Ms Jordan. Even with the most liberal interpretation of the pleadings no cause of action has been stated against her. The plaintiff alleges and has attached affidavits from various people including his former attorney detailing steps taken by the individuals to locate trial transcripts from the plaintiff's criminal trials. The complaint alleges that attempts have been made to find the trial transcripts at the Mississippi Supreme Court, at the offices of his trial counsel, at the offices of post-conviction counsel and at the offices of the circuit clerk, specifically requesting the assistance of defendant Leola Jordan when she was the circuit clerk. The allegations against Ms. Jordan boil down to the fact that she was unable to locate the transcripts and other relevant documents. There are no facts alleged that Ms. Jordan is in fact responsible in any manner for the disappearance of the documents the plaintiff seeks. Acting in her normal function as the clerk of the court the defendant enjoys only qualified immunity. *Clay v. Allen*, 242 F.3d 679,682 (5th Cir. 2001). The allegations do not even state a claim based upon negligence against Ms. Jordan, much less that she violated the plaintiffs "clearly established statutory or constitutional rights." *Rutland v Pepper*, 404 F.3d 921(5th Cir. 2005).

It is therefore recommended that the complaint be dismissed with prejudice *sua sponte* based upon the qualified immunity of the sole remaining defendant.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district

court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 20th day of May, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE